UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEAH BOOKER,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　　　　Defendant. | Case No. 2:17-cv-02681-APG-PAL<br><br>**SCREENING ORDER**<br><br>(IFP App – ECF No. 1) |

Plaintiff Leah Booker has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915 along with a Complaint (ECF No. 1-1). This Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

I. *In Forma Pauperis* Application

Ms. Booker's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted. The court will now review the Complaint.

II. Screening the Complaint

After granting a request to proceed *in forma pauperis*, a court must screen the complaint and any amended complaints filed prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure[1] applies to all civil actions, with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). A properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

---

[1] Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

- 1 -

P. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Allegations in a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of pro se pleadings is still required after *Twombly* and *Iqbal*).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the Rule 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). When a court dismisses a complaint pursuant to § 1915, a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Ms. Booker's Complaint challenges a decision by the Social Security Administration ("SSA") denying her benefits under the Social Security Act. *See* Compl. (ECF No. 1-1) ¶ 3. To state a valid benefits claim, a complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Starr*, 652 F.3d at 1216. To do so, a complaint should state when and how a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including when she claims she became disabled. The complaint should also contain a short and concise statement identifying the nature of the plaintiff's disagreement with the SSA's determination and show that the plaintiff is entitled to relief. *See, e.g.*, *Sabbia v.*

*Comm'r of Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009) (when submitting a complaint for judicial review to the district court, social security appellants "must not treat the matter as a simple formality" by filing "extremely perfunctory" allegations), *aff'd sub nom. Sabbia v. Astrue*, 433 F. App'x 462 (7th Cir. 2011). Although this showing need not be made in great detail, it must be presented in sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disab. Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015).

### A. Exhaustion of Administrative Remedies

Before a plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies a claimant's application for disability benefits, he or she can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be commenced within 60 days after receipt of the Appeals Council's notice of a final decision. *Id. See also* 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received within five days of the date on the notice unless shown otherwise; thus, an action commenced within 65 days is presumed timely. The civil action must be filed in the judicial district in which the plaintiff resides. 42 U.S.C. § 405 (g).

In this case, the Complaint does not indicate whether Booker requested review by the Appeals Council or whether the Appeals Council denied such request, in which case the ALJ's decision became the final decision of the Commissioner. Without this information the court is unable to determine whether Booker has exhausted her administrative remedies or timely commenced this action.

**B. Grounds for Ms. Booker's Appeal and the Nature of the Disability**

The Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his or her administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In the Complaint, Ms. Booker states that the reason for this case is to review medical records because there are details that were overlooked. This statement suggests that the decision to deny benefits was wrong, but she fails to describe *why* she believes the decision is wrong. Rule 8's pleading standard requires more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. A complaint merely stating that the SSA's decision was wrong and failing to describe the underlying reasons why is insufficient to satisfy Rule 8's pleading requirement because the complaint must provide "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. Accordingly, the Complaint fails to state a claim upon which relief can be granted.

Ms. Booker will be given leave to amend her complaint by **November 30, 2017**. The Clerk of the Court will be instructed to mail her a blank form complaint for review of social security decision.² Although a form complaint cannot cover every type of social security case, it does highlight certain types of information that is useful to the court for screening purposes and may aid plaintiffs in stating a colorable claim.

/ / /

/ / /

/ / /

---

² The Complaint for Review of Social Security Decision, Pro Se Form 13, is also available for download on the United States Courts' website at uscourts.gov/forms/pro-se-forms/complaint-review-social-security-decision.

The court appreciates that it is difficult for *pro se* parties to litigate their claims in federal court; thus, plaintiffs are advised to familiarize themselves with the Federal Rules of Civil Procedure, the Local Rules of Practice, and relevant case law.[3] They may also be able to participate in the Federal Court Ask-A-Lawyer program coordinated by the Legal Aid Center of Southern Nevada.[4]

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Leah Booker's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. She shall not be required to pay the $400 filing fee.

2. Ms. Booker is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of Court shall FILE the Complaint, but SHALL NOT issue summons.

4. The Clerk of the Court shall MAIL Ms. Booker one blank form Complaint for Review of Social Security Decision, Pro Se Form 13, one copy of the original Complaint, and one copy of this Order.

5. The Complaint is **DISMISSED WITH LEAVE TO AMEND**. Booker shall have 30 days from the date of this order, or until **November 30, 2017**, to file an amended complaint, if she believes she can correct the noted deficiencies.

6. Ms. Booker shall clearly title the amended complaint as such by writing the words "FIRST AMENDED" immediately above "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" and write 2:17-cv-02681-APG-PAL in the space for "Case No."

---

[3] The Federal Rules of Civil Procedure may be accessed on the United States Courts website at: uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Rules of Practice may be accessed and downloaded from this court's website at: nvd.uscourts.gov.

[4] Information about the Federal Court Ask-A-Lawyer program is available on the Legal Aid Center of Southern Nevada's website at lacsn.org/what-we-do/ask-a-lawyer or by calling 702-386-1070.

7. Ms. Booker's failure to comply with this Order by submitting an amended complaint before the **November 30, 2017** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 30th day of October, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE