UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| LEAH BOOKER, | Case No. 2:17-cv-02681-APG-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| SOCIAL SECURITY ADMINISTRATION, | (Am. Compl. – ECF No. 6) |
| Defendant. | |

Before the court is *pro se* Plaintiff Leah Booker's Amended Complaint (ECF No. 6), which is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.  REPORT OF FINDINGS AND RECOMMENDATION (ECF NO. 5)**

On January 5, 2018, the court entered a Report of Findings and Recommendation ("R&R") (ECF No. 5), which recommended that this case be dismissed because Ms. Booker failed to comply with the court's order that she file an amended complaint. Booker commenced this action on October 18, 2017, by filing an Application to Proceed *In Forma Pauperis* (ECF No. 1) and proposed complaint. The court granted her permission to proceed *in forma pauperis* ("IFP") and screened the complaint pursuant to 28 U.S.C. § 1915(e). *See* Screening Order (ECF No. 3). The court found that the proposed Complaint (ECF No. 4) failed to state a valid claim and allowed her 30 days to amend her pleading. The screening order warned Ms. Booker that a failure to file an amended complaint by November 30, 2017, addressing the deficiencies explained in the Screening Order would result in a recommendation to the district judge that this case be dismissed.

By January 2018, Ms. Booker had not filed an amended complaint, requested an extension of time, or taken any other action to prosecute this case. The court therefore recommended dismissal unless she filed an amended complaint on or before February 5, 2018. R&R (ECF

- 1 -

No. 5). Booker filed an Amended Complaint (ECF No. 6) before the deadline. Thus, the court will vacate and withdraw the Report of Findings and Recommendation (ECF No. 5) and screen the new pleading.

## II. SCREENING THE AMENDED COMPLAINT

### A. Legal Standards

After granting a request to proceed IFP pursuant to § 1915, federal courts must screen a complaint and any amended complaints before allowing a case to move forward, issuing summonses, and requiring a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) "applies to all *in forma pauperis* complaints"). Courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks money from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A screening under Rule 12(b)(6) is essentially a ruling on a question of law. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (noting that the purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the claim alleged. *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Iqbal*, 556 U.S. at 678. Merely

---

[1] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

reciting the elements of a cause of action and providing only conclusory allegations will not be enough to survive the court's review. *Id*. at 679–80. Allegations in a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010)

When a court dismisses a complaint pursuant to § 1915, a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In addition, the Ninth Circuit has held it is reasonable for a district court to conclude that a plaintiff "simply *cannot* state a claim" when he "knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules." *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (quoting *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011)). Where a plaintiff has amended his or her pleadings multiple times but still has not provided a short and plain statement of the claim, dismissal under Rule 8(a) may be appropriate. *See id*.

Here, Ms. Booker appears to be challenging the Social Security Administration's ("SSA") decision denying her benefits, although her new pleading does not explicitly say this. *See* Am. Compl. (ECF No. 6). To state a valid benefits claim, a complaint must give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (noting that a complaint must contain sufficient factual allegations "to enable the opposing party to defend itself effectively"). A plaintiff must present sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2015). To do so, a complaint should state *when* and *how* a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including the date she claims she became disabled. The complaint should also contain a short and concise statement identifying *why* the SSA's decision was wrong and showing that the plaintiff is entitled to relief. *See Sabbia v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009).

**B. Exhaustion of Administrative Remedies**

Before a plaintiff can sue the SSA in federal court, she must have exhausted her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th

Cir. 1989) (per curium) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). In general, when the SSA denies an application for disability benefits, the claimant can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be commenced within 60 days after receipt of the Appeals Council's notice of a final decision. *Id. See also* 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received within five days of the date on the notice unless shown otherwise; thus, an action commenced within 65 days is presumed timely. The civil action must be filed in the judicial district in which the plaintiff resides. 42 U.S.C. § 405 (g).

In this case, the Amended Complaint does not provide a date when the SSA issued a decision denying Booker's benefits claim. Ms. Booker does not indicate whether she requested review by the Appeals Council or whether the Appeals Council denied such request, in which case the ALJ's decision became the final decision of the Commissioner. Without this information the court is unable to determine whether she has exhausted her administrative remedies or timely commenced this action. Accordingly, the Amended Complaint does not satisfy these two prerequisites for judicial review.

**C. Grounds for Ms. Booker's Appeal and the Nature of her Disability**

A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's final decision is limited to determining whether: (1) there is substantial evidence in the record as a whole to support the Commissioner's findings; and (2) the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Upon review of the original complaint, the court determined that Ms. Booker failed to state a claim upon which relief can be granted. *See* Screening Order (ECF No. 3). The entire complaint

was two-sentences: "The reason for this is to review medical records. There's details that were overlooked medically." Compl. (ECF No. 4). Booker did not state the nature of her disability or allege the date that the disability began. Screening Order at 4. Ms. Booker implied that the SSA's decision to deny benefits was wrong (*i.e.*, medical details were overlooked), but she failed to explain *why* she believes the decision was wrong (*e.g.*, the record lacks substantial evidence to support the SSA's decision, or an incorrect legal standard was applied). *Id.* The court found that a complaint merely stating the decision was wrong but failing to describe the underlying reasons was insufficient to satisfy Rule 8's pleading requirement. *Id.* (citing *Starr*, 652 F.3d at 1216).

The Amended Complaint does not cure the deficiencies noted in the Screening Order. Although she does not specify which impairments the SSA evaluated in her claim, Ms. Booker describes multiple conditions and symptoms that render her disabled, including cervical lordosis, lumbar radiculitis, bipolar disorder, generalized anxiety disorder, dysthymia, spinal instability, back pain, dizziness, headaches, nausea, fatigue, confusion, and depression. She also provides a list of her medications, including dosages and frequencies. These allegations do not allow the court to make a reasonable inference that the record as a whole lacks substantial evidence to support the Commissioner's findings or that an ALJ applied the wrong legal standards. Ms. Booker's Amended Complaint still fails to describe *why* she believes the SSA's decision was wrong. Thus, her description of conditions and symptoms rendering her disabled amounts to "labels and conclusions." *Iqbal*, 556 U.S. at 678. The Amended Complaint therefore fails to state a claim upon which relief can be granted.

Because she is representing herself, Ms. Booker will be given a final opportunity to amend her complaint by **March 23, 2018**. The Clerk of the Court will be instructed to mail her a blank form complaint for review of social security decision.[2] The form complaint highlights certain types of information that is essential to the court's screening and may aid plaintiffs in stating a colorable claim. Pro se plaintiffs are strongly encouraged to use the form.

The court appreciates that it is difficult for pro se parties to litigate their claims in federal

---

[2] The Complaint for Review of Social Security Decision, Pro Se Form 13, is also available for download on the United States Courts' website at http://www.uscourts.gov/forms/pro-se-forms/complaint-review-social-security-decision.

- 5 -

court. Plaintiffs are advised to familiarize themselves as much as possible with the Federal Rules of Civil Procedure, the Local Rules of Practice, applicable statutes and regulations, and relevant case law.[3] They may also be able to participate in the Federal Court Ask-A-Lawyer program coordinated by the Legal Aid Center of Southern Nevada.[4]

For the reasons explained,

**IT IS ORDERED**:

1. The Report of Findings and Recommendation (ECF No. 5) is **WITHDRAWN**.
2. Plaintiff Leah Booker's Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE**.
3. The Clerk of the Court shall MAIL Booker one blank Complaint for Review of Social Security Decision, Pro Se Form 13, and one copy each of the Screening Order (ECF No. 3), Complaint (ECF No. 4), Amended Complaint (ECF No. 6), and this Order.
4. Ms. Booker shall have until **March 23, 2018**, to file a second amended complaint, if she believes she can correct the noted deficiencies.
5. Ms. Booker shall clearly title the amended complaint as such by writing "SECOND AMENDED" immediately above "Complaint for Review of a Social Security Disability or Supplemental Security Income Decision" and write 2:17-cv-02681-APG-PAL in the space for "Case No."
6. Ms. Booker's failure to comply with this Order by submitting a second amended complaint before the **March 23, 2018** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 23rd day of February, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

---

[3] The Federal Rules of Civil Procedure may be accessed on the United States Courts website at: uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. The Local Rules of Practice may be accessed and downloaded from this court's website at: nvd.uscourts.gov.

[4] Information about the Federal Court Ask-A-Lawyer program is available on the Legal Aid Center of Southern Nevada's website at lacsn.org/what-we-do/ask-a-lawyer or by calling 702-386-1070.